# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 165 | **DATE** | 9/8/2004 |
| **CASE TITLE** | UNITED STATES vs. RODRIGO TORRES, JR. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Petitioner motion to vacate, set aside, or correct sentence is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 17 2004 date docketed | |
| ✓ | Docketing to mail notices. | | | 7 |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 2004 SEP 15 PM 6:26 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RODRIGO TORRES, JR.,

    Defendant.

No. 04 C 165
Judge James B. Zagel

DOCKETED
SEP 1 7 2004

## MEMORANDUM OPINION AND ORDER

Torres was charged in a two-count indictment with violations of 21 U.S.C. §§ 841(a)(1) and 846. Following a "blind" plea of guilty to both counts of the indictment, the district court sentenced Torres to 120 months' imprisonment, the mandatory minimum sentence. The district court considered whether Torres was eligible for the safety valve provision and found that he was not because of his criminal history. Torres appealed the sentence. Torres's appellate counsel filed an *Anders* brief, contending that there were no nonfrivolous issues for appeal. The Seventh Circuit affirmed Torres's sentence, specifically rejecting Torres's claim that the district court judge could have applied the safety valve provision in his case.

Torres has since filed this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. §2255. Torres alleges that he received ineffective assistance of counsel for the following three reasons: his trial and/or appellate counsel (1) failed to properly object to and appeal the district court's alleged abuse of discretion in not recognizing its authority to apply the safety valve provision, (2) failed to argue for a diminished capacity downward departure, and (3) failed to argue for the application of an intervening amendment to the sentencing guidelines that, Torres argues, would have led to a reduction in his base offense level.

To establish that he received ineffective assistance of counsel, Torres must show that his attorney's representation fell below an objective standard of reasonableness and that but for his attorney's errors, there was a reasonable probability that the result of the proceedings would have been different. *Strickland v. Washington,* 466 U.S. 668, 694-94 (1984). Furthermore, the defendant must overcome a strong presumption that his counsel rendered reasonably effective assistance under the totality of the circumstances. *United States v. Moralez,* 964 F.2d 677, 683 (7th Cir. 1992).

First, Torres argues that his trial and appellate counsel were ineffective for failing to properly object to and appeal the district court's alleged abuse of discretion in not recognizing its authority to sentence him pursuant to the safety valve provision, 18 U.S.C. §3553 (f)(1) and USSG §5C1.2. The Seventh Circuit has held that a district court may not depart downward to make a defendant eligible for the safety valve. *United States v. Vega-Montano,* 341 F.3d 615 (7th Cir. 2003). Here, the district court did what it was required to do and found that it could not depart downward for the purpose of making Torres eligible for the safety valve provision. Since this was clearly the result required by the law, neither Torres's trial counsel nor his appellate counsel can be faulted for failing to argue that the district court's decision was erroneous.

Second, Torres argues that his appellate counsel was ineffective because he did not appeal the trial counsel's failure to argue for a diminished capacity downward departure. This argument, however, is a non-starter. A defendant can receive a sentence below the mandatory minimum only if the government makes a motion for departure based on the defendant's substantial cooperation, see 18 U.S.C. § 3553(e); USSG § 5K1.1, or if the defendant qualifies for sentencing under the safety valve provision. See 18 U.S.C. 3553(f); USSG § 5C1.2. Since Torres was sentenced under the mandatory minimum and since he was not eligible for the safety

2

valve and did not cooperate with the government, his sentence would not have been affected by a downward departure in the guideline range for diminished capacity. Torres's counsel cannot be faulted for failing to pursue an initial motion or an appeal that would be futile.

Finally, Torres argues that his appellate counsel was ineffective for failing to appeal an intervening amendment to the sentencing guidelines that, according to Torres, requires his base offense level to be lowered pursuant to §2D1.1(a)(3). This argument fails for two reasons: the amendment could not be applied retroactively and, as was stated above, Torres would not have benefitted from a change in the guideline range. USSG § 2D1.1(a)(3) was amended in 2002 to provide a "cap" of level 30 for narcotics offenders who received adjustments pursuant to USSG §3B1.2. See Amendment 640, USSG Supp. to App. C. at 264 (2002). According to USSG §1B1.10, Amendment 640 is not to be applied retroactively. Thus, Torres's counsel was not ineffective in not seeking the retroactive application of the amendment since it was clearly not applicable. Even if the amendment could have been applied retroactively, it would still not have altered Torres's sentence. Torres was sentenced under the ten year mandatory minimum and would have received the ten years regardless of his guideline range.

For the reasons stated herein, Torres's Motion to Vacate, Set Aside, or Correct His Sentence is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 8 Sep 2004

3